**2. SAME—EXCLUSIVE POSSESSION.**
    Where defendant admitted that it had an electric railroad on a certain street, it will be presumed that its exclusive use of the tracks on such street continued.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 87.]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Thomas Jennings against the Brooklyn Heights Railroad Company. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Alfred L. Marilley, for appellant.

H. F. Ives, for respondent.

GAYNOR, J. The allegation of the complaint that the defendant had an electric railroad through Thirty-Ninth street for the carrying of passengers having been admitted by the answer, the court below could not presume that some other railroad company also ran its cars over the defendant's tracks. It was therefore not necessary for the plaintiff to show that the car that hurt him was the defendant's. That fact followed from the fact that the railroad tracks were the defendant's. If there was evidence of the cars of another company running over the defendant's tracks, the case might be different; but that fact is not to be presumed. The presumption is to the contrary, i. e., that the defendant's possession is exclusive, just as much as the presumption is that my possession of my house is exclusive. There is no presumption that I have let a floor or a room to any one. No other company could be running cars over the defendant's tracks except by its consent. Railroad Law, Laws 1890, p. 1113, c. 565, § 102. Its right and possession must at first have been exclusive, and the presumption is of continuance, not of change. Lawson on Presumptive Evidence, c. 8.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide events. All concur.

---

(121 App. Div. 578.)

### CORR v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 23, 1907.)

**1. MUNICIPAL CORPORATIONS—LIABLIITY FOR OBSTRUCTION ON SIDEWALK—QUESTION FOR JURY.**
    The liability of a municipal corporation for injuries sustained in stumbling over the top of a manhole, whose top extended from three to six inches above the surface of the sidewalk, *held* to be a question for the jury.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1747, 1748.]

**2. SAME.**
    An obstruction, caused by commission, standing upright in the traveler's usual way to the height of from three to six inches, and so existing for

four months or more, is not within the rule that a municipality cannot be held liable for defects so slight that an ordinarily prudent man would not regard them as dangerous defects, which should be remedied within a reasonable time.

Appeal from Trial Term, Kings County.

Action by William A. Corr against the city of New York. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

James D. Bell, for appellant.

Herbert N. Warbasse, for respondent.

JENKS, J. The action is against a municipal corporation for negligence. The plaintiff's case is that, when he was walking on an even, smooth, hard earthen sidewalk of the city at 11 o'clock of a February night, he stumbled over the top of a sewer manhole and fell, to his injury. The sewer was built under this sidewalk, and the top of this manhole stood above the surface six, five, or three or four inches, by various estimates. I think that the learned court rightly submitted the question of liability to the jury, and that there is no reason for disturbing the judgment upon the verdict for the plaintiff.

The learned corporation counsel contends that the court should have disposed of the case in favor of the defendant upon the law. He attempts to sustain this contention by citation of the rule of Butler v. Village of Oxford, 186 N. Y. 444, 79 N. E. 712. I understand that this rule rests upon the proposition that a municipality cannot be held liable for such slight defects as appeared in that case and in similar cases, like Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944, because the defects were not such as an ordinarily prudent man would regard as dangerous, and which, therefore, should be remedied within a reasonable time, and, further, that there is no obligation upon a municipality to keep the streets perfect, for that would be a practical impossibility. The courts constantly reiterate that each case of negligence turns upon its peculiar facts, and that the decisions in other cases are not direct precedents. I think that the case at bar is not within the rule of the Butler Case, supra, and that the city as matter of law was not absolved from liability for this accident. Here was an obstruction caused, not by omission, but commission, standing upright in the traveler's usual way to the height of from three to six inches. In Butler's Case, supra, the court, per Hiscock, J., say (page 447 of 186 N. Y., page 713 of 79 N. E.) :

"It is a matter entitled to some consideration that the situation complained of was not the result of breakage or wear, which had impaired the original condition of the walk, and which fact of itself sometimes quite strongly suggests the inference of negligence."

It matters not that this construction was temporary, in the sense that it was in advance of other projected improvements in the street, particularly the flagging thereof, and that when the flagging was laid the rim of the manhole would be flush, or nearly flush, with the sur-

face, in view of the testimony of one witness that this condition had been suffered to remain for four months and by another witness for one year. The general rule is well expressed in the case of Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401, where the court say (page 70 of 148 N. Y., page 402 of 42 N. E.):

"When the defect is of such a character that reasonable and prudent men may reasonably differ as to whether an accident could or should have been reasonably anticipated from its existence or not, then the case is generally one for the jury; but when, as in this case, the defect is so slight that no careful or prudent man would reasonably anticipate any danger from its existence, but still an accident happens, which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law."

The judgment and order must be affirmed, with costs. All concur.