### KELLY v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

MUNICIPAL CORPORATIONS ·(§ 822*)—INJURIES FROM DEFECTS IN STREETS—IN-STRUCTIONS.

Where the jury have been instructed that defendant city is not liable if the injury sued for resulted from "some condition of the street or sidewalk from which danger was not reasonably to be apprehended," it was not error to refuse an instruction that a certain defect in the street therein described would not render the city liable as for negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1758, 1759; Dec. Dig. § 822.*]

Jenks and Gaynor, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Mary Ann Kelly against the City of New York and the Brooklyn Alcatraz Asphalt Company for personal injuries. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-LER, JJ.

James D. Bell, for appellant city of New York.
William L. Kiefer, for appellant asphalt company.
Frederick S. Martyn (William J. Pape, on the brief), for respondent.

RICH, J. This appeal is from a judgment in favor of the plaintiff in an action for negligence. The appellants contend, first, that there was no proof of negligence sufficient to warrant a recovery, and, second, that there was no proof of plaintiff's freedom from contributory negligence, and complain of an alleged error of the trial justice in refusing to charge a request.

There was sufficient evidence to warrant the court in submitting to the jury the question of negligence of both the defendants. The case at bar is not within the rule declared in Butler v. Village of Oxford, 186 N. Y. 444, 79 N. E. 712, Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944, Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401, and similar cases cited by the appellants. The same distinguishing features exist that were pointed out in Corr v. City of New York, 121 App. Div. 578, 106 N. Y. Supp. 280.

Defendants requested the court to charge that, "if the jury find that the difference in height between the Belgian block and the foundation was not greater than three inches, this was not such a condition as would render the city liable for negligence," which was refused. The jury had been instructed that if the accident happened by reason of

some condition of the street or sidewalk from which danger was not reasonably to be apprehended, and which according to common experience was not likely to happen in such a case, the city was not liable. The question was whether the condition was such that danger was reasonably to be apprehended, which must be determined by the facts proven. I think the learned trial justice properly refused to charge as requested. He left it to the jury to say whether or not the facts established the liability of the defendants under the rules of law laid down for their guidance, and in doing this he was clearly right.

Judgment and orders affirmed, with costs. All concur, except JENKS and GAYNOR, JJ., who dissent.