MARY E. CORSON, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*Negligence — injury from slipping on a depression of two and three-quarters inches in the center of a sidewalk — liability of the city where other accidents are definitely shown to have been caused thereby.*

A depression in the middle six or seven feet of an eighteen-foot sidewalk, due to an inequality in the level of two flagstones, the maximum depth of which depression is two and three-quarters inches, which decreases to one and one-half inches at the outer edge of the depression and to zero at the inner edge thereof, is not such a defect as will render the city liable for injuries sustained by a pedestrian in consequence of her slipping on such depression, unless it is made to appear that previous to the accident in question similar accidents had happened.

The evidence relied upon to prove the latter element of liability must establish with definiteness and accuracy that the previous accidents were due to the depression.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 16th day of December, 1901, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 12th day of December, 1901, denying the defendant's motion for a new trial made upon the minutes.

*James McKeen,* for the appellant.

*Henry A. Powell,* for the respondent.

WILLARD BARTLETT, J.:

The plaintiff was injured by falling upon a sidewalk in the borough of Brooklyn. The fall was occasioned by an inequality in the footway, caused by the difference in level of two pieces or sections of flagging. The sidewalk at the place of the accident was eighteen feet in width, and the inequality extended across the middle six or seven feet, producing a depression, the maximum depth of which, as appears by a measurement made by one of the plaintiff's witnesses, was two and three-quarters inches. As indicated upon a photograph, with measurements attached, introduced in evidence by the plaintiff, the depth decreased to one and a half inches at the outer end of the depression and to zero at the inner end.

According to the testimony of the plaintiff the accident occurred in consequence of the slipping of her heel on the edge of the higher piece of flagging. She did not stub her toe or heel against this part of the walk, but the heel of the left foot was on the elevated portion and slipped down into the sunken portion.

It is contended in behalf of the appellant that this case is not distinguishable in principle from *Beltz* v. *City of Yonkers* (148 N. Y. 67). There the accident was caused by an uncovered depression in the center of a sidewalk eight feet wide, which depression was two and a half inches deep, with a surface area about two feet and two inches in length by seven and one-half inches in width. The Court of Appeals held, as matter of law, that the existence of such a defect in the sidewalk was not to be deemed evidence of negligence on the part of a city. " When the defect is of such a character," said Judge O'BRIEN, " that reasonable and prudent men may reasonably differ as to whether an accident could or should have been reasonably anticipated from its existence or not, then the case is generally one for the jury; but when, as in this case, the defect is so slight that no careful or prudent man would reasonably anticipate any danger from its existence, but, still, an accident happens which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law." In another part of the opinion it is said: " If the existence of such a defect is to be deemed evidence of negligence on the part of a city, then there is scarcely any street in any city that is reasonably safe within the rule, and when accidents

occur the municipality must be treated, practically, as an insurer against accidents in its streets." For these reasons a judgment in favor of the plaintiff was reversed and a new trial granted.

There is very little difference between the character of the depression that caused the accident in the case at bar and that which caused the accident in the *Beltz* case. Here the depression occupied about a third of the width of the sidewalk, while there it occupied a little over one-fourth. The depth of the depression here was only a quarter of an inch greater than that in the *Beltz* case. If no other element should be taken into consideration but the nature and extent of the defect in the sidewalk, I do not see how we could well distinguish between the two cases. It is to be noted, however, that in the *Beltz* case the Court of Appeals calls attention to the fact that the sidewalk in the condition in which it was at the time of the injury had been used by the public for years, and that it appeared that no accident had previously resulted from such use. If the contrary had been made to appear; if it had been shown that the defect in the sidewalk which injured the plaintiff had previously been productive of similar injuries to many others, would the same conclusion have been reached? In that event, could it have been held that the defect was so slight that no careful or prudent man would reasonably anticipate any danger from its existence?

I think not. It seems to me that while in the first instance a defect might be disregarded by the municipality as insignificant so long as its existence had never harmed any one, the occurrence of numerous accidents in consequence thereof would suffice to characterize it as dangerous, and in course of time impose upon the city authorities the obligation to repair it or the liability to be mulcted in damages for any further injuries which it might occasion.

The plaintiff in the present action attempted to show that the depression which caused her to stumble and fall had been productive of similar injuries to other persons, but in my opinion the proof on that subject does not suffice to show that other persons were caused to fall by the very defect in question here. The only witness who testified on the subject was asked whether he had seen any persons fall at that point prior to the time of Mrs. Corson's accident. To this question he answered yes. He was then asked: " Do you remember how many people you had seen fall there before

the accident?" He answered: "I cannot tell how many; very often." It will be observed that the witness does not state that any of the persons whom he saw fall were caused to fall by the depression in the sidewalk. · It seems to me that in so close a case as this, definiteness and accuracy upon this point are essential, since it is the crucial point as to the city's liability. That such is the view taken by the Court of Appeals is apparent from the opinion in *Fordham* v. *Gouverneur Village* (160 N. Y. 541, 549). There the plaintiff attempted to show by several witnesses that on the evening of the injury they had stumbled upon the planks where the plaintiff's intestate was hurt. The Court of Appeals, in declaring such evidence to be competent, limited its admissibility to the very plank upon which it was claimed that the plaintiff's intestate stumbled and fell.

It may be that the plaintiff in the case at bar can furnish more definite evidence upon this point upon another trial. In the absence of such proof, I am of opinion that under the authority of the *Beltz* case she cannot recover.

It follows that the judgment should be reversed and a new trial granted.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and JENKS, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.