(121 App. Div. 433.)

POWERS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 11, 1907.)

MUNICIPAL CORPORATIONS—INJURY TO PEDESTRIAN—DEFECTIVE SIDEWALK—NEGLIGENCE.

Danger is not reasonably to be anticipated from a depression in a stone sidewalk, 3 to 4 inches deep, 12 inches long, and 6 inches wide; so that the city is not liable for injury to a pedestrian from stepping therein.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1624, 1625.]

Appeal from Trial Term, Richmond County.

Action by Margaret Powers against the city of New York. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial on the minutes, defendant appeals. Reversed, and new trial granted.

Proceeding westerly on the northerly side of St. Mark's Place, in the borough of Richmond, the plaintiff broke her leg by stepping into a hole in the sidewalk. The sidewalk was composed of flag stones, one of which, at the point where the plaintiff was injured, had been partly broken by the driving of wagons across the sidewalk at that point. The view of the evidence most favorable to the plaintiff establishes that the hole was between 3 and 4 inches deep, 12 inches long, and about 6 inches wide. The condition had existed between 6 and 14 years. There was no evidence of any prior accident

at that place, save the testimony of one of the defendant's witnesses that he himself once tripped over that place.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Royal E. T. Riggs and Theodore Connoly, for appellant.

Frank H. Innes, for respondent.

HOOKER, J. We are inclined to hold as matter of law that danger was not reasonably to be anticipated from the presence of the hole in which the plaintiff was injured, and hence the defendant is not liable. In Butler v. Village of Oxford, 186 N. Y. 444, 79 N. E. 712, the leading cases in this state dealing with irregularities in sidewalks of substantially the size of the one which caused the plaintiff's injury were carefully reviewed. It seems generally (1) that an irregularity of this size, which is in the form of a depression, is such as not reasonably to suggest danger; but, (2) on the other hand, where the depression is of this or greater depth, and the hole is so small or of such a character that a pedestrian's foot is liable to become fastened in the hole or caught under its edge, or where the irregularity is an abrupt upward obstruction above the general level of an even sidewalk, whose presence would not in the ordinary use of the street be anticipated, a question of fact is presented as to the defendant's negligence (see cases cited in the Butler Case).

In our opinion, the hole which caused the plaintiff's injury falls in the first classification. The judgment should be reversed.

Judgment and order reversed and new trial granted; costs to abide the event. All concur.