MILDRED E. TERRY, Respondent, *v.* THE VILLAGE OF PERRY, Appellant.

Streets and sidewalks — when village not liable for accident caused by slight depression or irregularity in sidewalk.

Municipalities are not, as a matter of law, responsible for slight depressions or differences in grade in sidewalks, except in those cases when even a slight depression or difference in grade is peculiar and specially calculated to result in injury to pedestrians, in which cases the liability of municipalities for personal injuries should be sustained.

Where a cement block constituting part of a sidewalk had settled so that one corner was one and one-half inches lower than the edge of the adjoining block, and a person, who was familiar with the walk and with such depression and had passed over the walk several times a day for several months, tripped at such depression and fell, receiving injuries for which this action is brought, she cannot recover.

The fact that one or two persons had stumbled upon the difference in grade prior to plaintiff's accident, and that one of the trustees of the village had slightly turned his ankle when walking over the depressed block and had reported the fact to the board of trustees which had informally requested the street commissioner to request the owner of the adjoining lands to repair the sidewalk, where it does not appear that any one had ever fallen at the point where the accident occurred, does not constitute evidence of such a condition of the sidewalk as will permit the inference that the municipality has failed to discharge the duties reasonably and fairly imposed upon it by law.

*Terry* v. *Village of Perry,* 130 App. Div. 907, reversed.

(Argued May 17, 1910; decided June 7, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 8, 1909, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. A. Walker* for appellant. The defect in this walk was so slight the defendant had no reason to apprehend that an accident would occur at that place, and was not a dangerous walk. (*Butler* v. *Vil. of Oxford,* 186 N. Y. 444; *Beltz* v. *City of Yonkers,* 148 N. Y. 70; *Hamilton* v. *City of Buffalo,* 173 N. Y. 72; *Henry* v. *City of New York,* 119 App. Div. 432; *Corson* v. *City of New York,* 78 App. Div. 481; *Ibbeken* v. *City of New York,* 94 N. Y. Supp. 568; *Schall* v. *City of New York,* 84 N. Y. Supp. 737; *Powers* v. *City of New York,* 106 N. Y. Supp. 166; *Getzoff* v. *City of New York,* 51 App. Div. 450.)

*Frank W. Brown* for respondent. The question of defendant's negligence under the evidence was clearly for the jury

to determine, and a refusal of the trial court to submit that question to them would have constituted reversible error. (*Beltz* v. *City of Yonkers*, 148 N. Y. 70; *Fordham* v. *Gouverneur Village*, 160 N. Y. 541; *Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129; *Durr* v. *N. Y. C. & H. R. R. R. Co.*, 184 N. Y. 320; *Powers* v. *City of New York*, 121 App. Div. 433; *Butler* v. *Village of Oxford*, 186 N. Y. 444.)

Chase, J.  The defendant is a village municipal corporation containing about four thousand inhabitants and having about thirty-eight miles of sidewalk.  The plaintiff fell on one of its sidewalks and sustained injuries, to recover damages for which this action is brought.  The place where the accident occurred is in the principal part of the village. The sidewalk at that point is twelve feet wide and composed of three rows of cement blocks each having a surface measurement of four by four feet.  Some months prior to the accident a sewer was constructed under the sidewalk at that point and thereafter one of the blocks in the middle of the walk settled so that at the time of the accident the outer north corner of such block was depressed one and ·one-half inches below the surrounding blocks.  The inner north corner of such block was depressed one-half inch.  The southerly edge of said block maintained its level so that there was a gradual slope from the south to the north edge thereof on the east side, extending from zero to one and one-half inch, and on the west side thereof extending from zero to one-half inch. The measurements here given are in accordance with the testimony of the only witness called by the plaintiff, who had made measurements thereof, and of all the witnesses relating thereto sworn by the defendant, except one, who says that the greatest depression was one and three-eighths inches, but, measured from the general level of the walk, was one and five-eighths inches.  The plaintiff estimated that the greatest depression was three inches, and two of her witnesses estimated that it was from two to three inches, but neither of them would testify positively that the greatest depression was more than

one and one-half inches deep, and the actual measurements are so manifestly correct that they are accepted upon this appeal.

The plaintiff was a resident of the village of Perry and familiar with the depression in the sidewalk where the accident occurred. She had passed over that walk and seen such depression several times each day for months. At the time of the accident it was about ten o'clock in the forenoon, and she says that the fact of there being a depression in the sidewalk escaped her as she was passing people walking in the opposite direction. She caught the toe of her shoe at the place of the lowest depression, and it resulted in loosening the sole thereof and in so throwing her forward that, although she continued to take several steps, she was unable to recover her equilibrium and fell, causing the injuries for which the action is brought. Prior to the accident one or two persons had been seen to stumble at that place, and one of the trustees of the defendant, in whose store the defendant had long had desk room, had turned his ankle at the place of such depression. At the next meeting, after such trustee so turned his ankle, he reported the fact to the board of trustees and an informal direction was given to the street commissioner to call upon the owner of the adjoining property and request him to make repairs to the said sidewalk.

This court has frequently stated the rules of law governing municipalities in the care of their streets and sidewalks. Each case must stand upon its own peculiar facts and the application of such well-known rules of law to such facts. We will refer to some of the cases in this court where the rules of law have been stated.

In *Beltz* v. *City of Yonkers* (148 N. Y. 67) the plaintiff was injured by a fall occasioned by her stepping into a depression in a sidewalk. The depression was near the middle of the sidewalk and resulted from the edges of the stone being broken off and the broken parts removed. The depth of the depression was the same as the thickness of the stone which was about two and one half inches. The surface area of the

depression was about two feet and two inches in length by seven and one-half inches in width. It had existed four years and it did not appear that any accident had previously resulted from such use. The court say: "It is scarcely necessary to repeat here, what has often been said before, that a city is not responsible for every accident that may happen in its streets resulting in personal injuries. With the greatest vigilance and the utmost foresight there will still be accidents for which no one, in any legal sense, is to blame. In many such cases, however, when an accident does happen the human mind can see and suggest many ways by which it could have been avoided. * * * . If the existence of such a defect is to be deemed evidence of negligence on the part of a city then there is scarcely any street in any city that is reasonably safe within the rule, and when accidents occur the municipality must be treated, practically, as an insurer against accidents in its streets. The law does not prescribe a measure of duty so impossible of fulfillment or a rule of liability so unjust and severe." (p. 70.) The judgment in favor of the plaintiff was reversed.

In *Hamilton* v. *City of Buffalo* (173 N. Y. 72) the plaintiff stepped upon the edge of a hole or depression in a crosswalk and slipped into it and turned his ankle, causing an injury. The depression was formed by the wheels of heavily-loaded trucks wearing off the flagstones where they came together so as to cause a rounded depression between the stones constituting the crosswalk, and also into the pavement. As so formed it was about thirty-four inches long, twelve inches wide and in the form of a "V," and about four inches deep. The court again say: "The authorities of a city are not required to keep the streets in an absolutely perfect condition, for this would be practically impossible. All kinds of pavements that have heretofore been discovered and used are subject to wear and some displacements when used by heavily laden vehicles, and this cannot be prevented." (p. 74.) The judgment of the Appellate Division reversing the judgment of the trial court dismissing the plaintiff's com-

plaint was reversed and judgment directed upon stipulation for the defendant.

Again this court considered the liability of municipalities for an injury caused from lack of uniformity in the grade of a sidewalk in the case of *Butler* v. *Village of Oxford* (186 N. Y. 444). In that case the surfaces of a stone and an adjoining dirt sidewalk were not flush at their junction, the surface of the former rising above that of the latter by a distance of about two and one-half inches in the center of the walk and about five inches on the outer edge thereof. The plaintiff in passing over the dirt walk upon the stone walk in the night time stumbled against the projecting edge of the stone, fell and met with the injury for which the action was brought. This court say : " Weighing the facts here presented, we think it would be altogether too burdensome a rule if we should allow a village like this defendant to be held liable for so insignificant a defect as is here complained of. The nature of the street and the use of the driveway crossing the walk made it quite natural that the stone walk should not be continued beyond the point where it terminated. This being so, there was nothing in the slight difference of grade between the stone and the dirt which reasonably should arouse apprehension of danger to travelers. * * * Ordinary observation teaches us that it would be practically impossible by the expenditure of any reasonable amount of money to prevent the existence in a municipality of such trifling imperfections as this one." (p. 447.) The judgment in favor of the plaintiff was reversed.

By the decisions that we have mentioned and the language of the opinions therewith, this court has clearly held that municipalities are not, as a matter of law, responsible for injuries arising from slight depressions or differences in grade in walks. There are exceptions, however, when even a slight depression or difference in grade is peculiar and specially calculated to result in injury to pedestrians, in which the liability of municipalities for personal injuries should be sustained.

Among the decisions in this court where an exception is recognized are *Fordham* v. *Gouverneur Village* (160 N. Y. 541) in which case a person in the night time stumbled over a plank carelessly placed on the sidewalk of a bridge to cover a hole and received injuries from which she died ; *Mullins* v. *Siegel-Cooper Company* (183 N. Y. 129) in which case the defendant, the owner of the adjoining real property, so used the sidewalk in crossing it with heavy trucks as to cause one of the flagstones to be pushed aside and overlap one of the other stones of the walk and a person in the night time fell over such stone and received injury ; and *Durr* v. *N. Y. C. & H. R. R. R. Co.* (184 N. Y. 320) in which case the depression was so shaped that when a person stepped into it his foot naturally and almost necessarily slid under a rail of the defendant's tracks so as to cause a fall that resulted in injury. In *Gastel* v. *City of New York* (194 N. Y. 15) the plaintiff received injuries by tripping over a projection arising from a difference in grade in a sidewalk. The sidewalk was about nineteen feet wide and the difference in grade at the curb was three-eighths of an inch and gradually increased to about one and three-fourths inches at the inner side of the walk. The difference was occasioned by the construction of a new walk which met the old walk at a slight difference in grade. The plaintiff was walking inside of the center of the walk and tripped against the new walk and fell, causing the injuries for which she brought the action. The difference was not sufficient to justify her recovery within the rules that this court had previously stated, but the plaintiff sought to sustain her recovery by evidence that several others had tripped and fallen at the same point by reason of the difference in the level of the two sidewalks. This court reversed the judgment and in the opinion said " When an alleged defect or obstruction is of such a character that it possibly may be made the basis of an action for negligence and the question is debatable which way the decision shall go, evidence of prior accidents very well may be received and utilized for the purpose of showing that

tested by actual experience it has proved dangerous and naturally calculated to cause accidents. This evidence of prior accidents cannot, however, be sufficient of itself to sustain a charge of negligence and to lay the foundation for damages because of the maintenance of some particular construction of pavements, sidewalks or buildings. There must be evidence of such a fundamental condition of the thing under scrutiny as will at least permit the inference that the party complained of has failed to discharge the duties reasonably and fairly imposed on him by law. If the full description of the alleged defect in a municipal case shows that it was of such a trivial character that it was not naturally dangerous and must almost inevitably occur in the many street miles of a city unless a grievously burdensome degree of care and expense is to be exacted, a recovery will not be allowed even though witnesses have testified to prior accidents. * * * We think we may take judicial notice of the fact which ordinary observation discloses that there is scarcely a rod in the streets of any city in which there may not be discovered some little unevenness or irregularity in sidewalks, crosswalks, curbs or pavements. As the result of various causes, climatic and otherwise, they are constantly occurring and recurring. Ordinarily they cause no difficulties, and it would require a vast expenditure of money to remove them all." (p. 18.)

In the case now before us the plaintiff seeks to maintain the judgment, not so much by reason of the extent of the depression in the sidewalk as from the fact that she was able to show that one or two persons had tripped upon the difference in grade prior to her accident, and one of the trustees of the village had slightly turned his ankle when walking over the depressed block and he had reported the fact to the board of trustees and they had informally requested the street commissioner to request the owner of the adjoining lands to repair the sidewalk.

It does not appear that any one had ever fallen at the point where the plaintiff's accident occurred. A person may trip or

seriously turn his ankle at a place where there is a very slight difference in the grade of the ground or walk on which he is traveling.    The evidence presented in this case, so far as the tripping of others is concerned and the turning of an ankle, does not make the municipality liable as a matter of law within the rule established in the *Gastel* case; neither do we think that the liability is changed by reason of the fact of what one of its trustees said at a meeting of the board.    The danger of such a depression is not determined by what some one person may say.    His statement may arise from excess of caution or from some peculiar and not to be expected personal experience. The question comes back again as stated in the *Gastel* case whether there is evidence of such a fundamental condition of the thing under scrutiny as will at least permit the inference that the municipality has failed to discharge the duties reasonably and fairly imposed upon it by law.

The defect in the sidewalk in this case was so slight that it is not in excess of similar defects found in great numbers in every village and city.    To hold a municipality for accidents occurring from such defects would entail upon them a burden beyond that which they are reasonably required to bear.

In cases where the depression or difference in grade is slight, even where under the rules of this court they are so slight that as a matter of law they are not ordinarily sufficient on which to base a recovery against a municipality, evidence of the experience of others in tripping or falling over the same is competent for the purpose of showing, if true, that there is something peculiar or unusual about the formation of the difference in grade or of the depression that makes it dangerous to an extent that an ordinarily prudent person in charge of sidewalks, with knowledge of such peculiar depression would repair it.    The judgment should be reversed, and a new trial granted, with costs to abide the event.

Cullen, Ch. J., Gray, Vann, Werner, Willard Bartlett and Hiscock, JJ., concur.

Judgment reversed, etc.