## HARTNET v. CITY OF NEW YORK.

(Supreme Court, Appellate Term. February 9, 1911.)  ·

1. EVIDENCE (§ 383*)—SURVEYS—WEIGHT.

A survey of a sidewalk purporting to give exact measurements controls estimates given by witnesses.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 383.*]

2. MUNICIPAL CORPORATIONS (§ 755*)—SIDEWALKS—INJURY TO PEDESTRIANS—LIABILITY.

A city's liability for injury to a pedestrian caused by a defective sidewalk must depend upon the city's failure to use the requisite care to keep the sidewalk in a reasonably safe condition for travel.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1587; Dec. Dig. § 755.*]

3. MUNICIPAL CORPORATIONS (§ 755*)—INJURY TO PEDESTRIANS—LIABILITY.

A city does not insure pedestrians against mere accident on public streets.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 755.*]

4. MUNICIPAL CORPORATIONS (§ 788*)—SIDEWALKS—INJURY TO PEDESTRIANS—NEGLIGENCE—REQUISITES.

Before a city can be found to have been negligent toward a pedestrian injured on a sidewalk, it must appear that the place was dangerous, and that the city had actual or constructive notice thereof, and sufficient time after notice in which to repair.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1641; Dec. Dig. § 788.*]

5. MUNICIPAL CORPORATIONS (§ 819*)—SIDEWALKS—INJURY TO PEDESTRIAN— ·
NEGLIGENCE—EVIDENCE—SUFFICIENCY.

Evidence *held* insufficient to show that a city was negligent toward a pedestrian injured on a sloping sidewalk.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 819.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Elizabeth Hartnet against the City of New York. Judgment for plaintiff, and defendant appeals. Reversed and new trial ordered.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Archibald R. Watson (Theodore Connoly and Loyal Leale, of counsel), for appellant.

Charles R. Rose, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DELANY, J. This action is brought to recover damages for personal injuries alleged to have been sustained by the plaintiff by falling on the sidewalk on West Forty-Second street in this city.

The plaintiff claimed that at the point where she fell there was a cement pavement which covered a portion of the sidewalk from the stoop line to the curb, varying in width from 20 inches at the inner side to 19 inches on the outer one. This pavement connected the flagging which was not continuous, and, as the flagging on the westerly was lower than that at the easterly side, the cement joining formed an incline. There are various estimates given by witnesses of the difference of the levels of the flags on either side of the cement, but, inasmuch as a survey which purports to give exact measurements was admitted in evidence by the consent of both parties, such survey must govern over any conjectures on the subject. Terry v. Village of Perry, 199 N. Y. 82, 92 N. E. 91.

There is also a photograph of the place which the plaintiff testified was a fair and correct representation of the sidewalk as it was on the day she fell, and plaintiff indicated by a mark on the photograph the spot where she fell. The survey shows that the difference in the planes of the surfaces of the flags connected by this cement pavement is four inches. There is no depression, no broken pavement, no abrupt protrusion of one flag over another. The surface merely slants at that point. The photograph at the place indicated by the plaintiff presents no defect unless this slanting condition be one. The plaintiff herself walked over this place four times a day for the month preceding, and had not noticed this condition of the sidewalk, which fact does not show that the place was one of obvious danger.

Margaret Smith, whose deposition was offered on behalf of plaintiff, testified that prior to October, 1909, she had seen "several people, not less than three," fall on that sidewalk, but she could not give the month or year of the occurrences. She did not know where plaintiff fell or whether any particular portion of the slanting sidewalk had been broken, nor did she know what caused the other persons to fall. The description she gave of the pavement at the place was at variance with the photograph in evidence. She said the sidewalk was broken and cracked, and pieces of it missing here and there. No such condition appeared in the photograph. The discussion here is not on the reliability of her testimony, but its sufficiency in law to establish, together with plaintiff's own testimony, a prima facie case which would sustain the refusal of the learned court below to dismiss the complaint.

The plaintiff complains that the defendant has been negligent. The law requires that she shall establish that fact by proper evidence. The negligence, if any, must consist in a failure of defendant to use the care required to keep the sidewalk in question in a reasonably safe condition for travel by pedestrians. The law holds, however, that the defendant is not an insurer of such persons against mere accident on the public streets. Butler v. Village of Oxford, 186 N. Y. 444, 79 N. E. 712.

The first question, therefore, is: Has the plaintiff established that element in her case? Before the defendant can be held to be negligent

in such a case, it is necessary to show two facts: First, that the place where the injuries were sustained was dangerous; second, that notice of such dangerous condition had been given to the proper officials, and a sufficient time had elapsed since such notice to enable them to guard against the danger or to repair the sidewalk or an alternative that so long a time has passed since the danger arose that the defendant should have taken notice and have done these requisite acts to protect the public. Either this actual or this constructive notice must be sustained by evidence. There was no attempt in the case to show actual notice, and the only testimony directed towards proof of constructive notice is that of Margaret Smith referred to. Her testimony then is given presumably in the endeavor to make the place out as dangerous. This testimony shows that three persons fell somewhere on that sidewalk. What caused them to fall she cannot say. She knew that none were injured. She did not know whether it was at the same place as where plaintiff fell and could not fix the time. The condition of the sidewalk about which she spoke was different from that shown in the case at bar. Can any one say from this testimony that all these people fell from the same cause or at the same spot as that where plaintiff fell? Now on that other indispensable element of constructive notice—i. e., the time—her testimony does not fix a time from which as a basis an inference of neglect may be drawn according to the law as set forth above. The motion to dismiss the complaint should have been granted.

Furthermore and independent of these questions of the sufficiency of proof, the cases are numerous which hold that such inequalities as a matter of law do not constitute dangerous places. Butler v. Village of Oxford, supra; Powers v. City of New York, 121 App. Div. 433, 106 N. Y. Supp. 166. A city is not bound to furnish an absolutely safe and perfect highway under all circumstances. Hubbell v. City of Yonkers, 104 N. Y. 438, 10 N. E. 858, 58 Am. Rep. 522. A reasonably safe condition is all that it is required to maintain, and, when it discharges that duty, it cannot be held culpable. Terry v. Village of Perry, 199 N. Y. 79, 92 N. E. 91, and cases cited.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.