### LALOR v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. December 21, 1911.)

1. MUNICIPAL CORPORATIONS (§ 821*) — DEFECTIVE STREETS — NEGLIGENCE — QUESTION FOR JURY.

   In an action for injuries to a pedestrian while crossing a boulevard paved with asphalt by stepping into a hole as large around as an ordinary barrel head and four inches deep, the edges of which were nearly abrupt, whether the city was negligent was for the jury.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

2. MUNICIPAL CORPORATIONS (§ 806*)—DEFECTIVE STREETS—INJURIES TO PEDESTRIANS.

   Where a pedestrian attempts to cross a boulevard paved with asphalt, she was entitled to assume that the pavement was reasonably free from holes and obstructions.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1678, 1682; Dec. Dig. § 806.*]

   Carr, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Mary Lalor against the City of New York. From a judgment dismissing complainant's complaint and from an order denying her motion for a new trial, she appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, CARR, WOODWARD, and RICH, JJ.

A. L. Pincoffs (Frederick S. Martyn, on the brief), for appellant. James D. Bell (J. W. Johnson, on the brief), for respondent.

WOODWARD, J.  [1] Assuming that the positive testimony of the plaintiff's own witness showing that the holes in the pavement were exactly four inches deep must be accepted as true, even though other witnesses fixed a much greater depth, I am of the opinion that the case should still have been submitted to the jury. The case of Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944, relied upon by the defendant, did not lay down any hard and fast rule that a depression four inches in depth in a street could not, under any circumstances, constitute negligence on the part of a municipal corporation. It merely held that under the facts as they appeared in that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

case the court was justified in nonsuiting the plaintiff, and in a subsequent case it was said:

"This court has frequently stated the rules of law governing municipalities in the care of their streets and sidewalks. Each case must stand upon its own peculiar facts and the application of such well-known rules of law to such facts." Terry v. Village of Perry, 199 N. Y. 79, 82, 92 N. E. 91, 92.

The case last cited then reviews the Hamilton Case, and points out that the plaintiff stepped upon the edge of a hole or depression in a crosswalk and slipped into it and turned his ankle, causing an injury. The depression was formed by the wheels of heavily loaded trucks wearing off the flagstones where they came together so as to cause a rounded depression between the stones constituting the crosswalk, and also into the pavement. As so formed it was about 34 inches long, 12 inches wide, and in the form of a "V," and about 4 inches deep. The court was divided upon the question of whether the case should have been sent to the jury, and it was pointed out in the majority opinion that the defect had existed for some time within fifty feet of the plaintiff's own place of business; that the plaintiff had a peculiar interest in having the street in a reasonably safe condition; and that, despite the fact that he was familiar with the situation, he had never suggested that it constituted a menace to the safety of any one, and the case was decided upon its own peculiar facts, two judges dissenting in a strong opinion. There the proximate cause of the injury appeared to have been the slipping of the plaintiff upon the rounded edge of the flagstone, due to the wearing of the heavy traffic, and the depth of the hole was only of incidental importance. The plaintiff might have received the same injury if the hole had been only an inch deep, as it was merely a sprained ankle. The majority opinion points out that:

In "this case the plaintiff stepped upon the edge of the depression, and his foot slipped in, causing him to fall. The hole in this case was a trifle deeper, but its additional depth did not affect his stepping upon the edge of the depression and slipping into it."

And the minority of the court argued that the depression or hole was the proximate cause of the injury, and that the plaintiff was entitled to go to the jury, and, if the majority had taken the view that the depression was the proximate cause of the injury, it is highly probable that the case would have been differently decided. At least the Hamilton Case is not authority for holding that every depression of four inches or less is as a matter of law free from the element of negligence on the part of a municipality charged with the duty of using reasonable care to keep its streets in a reasonably safe condition for public travel. If I am right in this, then it follows that the case at bar is entitled to serious consideration, for, aside from the fact that the hole was only four inches in depth, it presents no such facts as were involved in the Hamilton Case. There the accident occurred upon Medina sandstone pavement upon the terrace at Buffalo, a locality where the traffic is very heavy, and where the surface of the street would necessarily be uneven. The depression was known to the plaintiff, and it was within 50 feet of his place of busi-

ness, and the general condition had existed for a year, and the plaintiff himself testified that it "made no particular impression upon my mind," indicating that it was not such a defect at that point as to cause a reasonably prudent man to fear the accident which resulted to him.

In the case at bar the plaintiff appears to have been an old lady. She stepped down to the curb, not upon a Medina sandstone pavement, designed for heavy traffic, but upon an asphalt surface. She does not appear to have been familiar with the place, and the jury might have found that she stepped into a hole as large around as an ordinary barrel head and four inches in depth, the edges of the hole being nearly abrupt, and that the stepping into this hole caused her to fall, producing injuries for which she now seeks to recover. Ordinarily a person would exercise a higher degree of care in passing over a Medina stone pavement than over asphalt, and it was proper to submit to the jury in this case whether the municipality had exercised a reasonable degree of care in preserving this asphalt pavement in a reasonable state of use.

[2] The plaintiff had a right to cross the street upon the pavement. She had a right to assume that an asphalt pavement was reasonably free from holes and obstructions, and she has a right to have the question of the defendant's negligence submitted to the jury in the light of all the facts surrounding the accident. What might not be negligence in the case of a rough pavement in a shipping quarter of the city, as against a man who had been familiar with the situation for a year without its making any impression upon his mind, might be extremely negligent as against an old lady attempting to cross a boulevard, and I am of the opinion that the learned trial court erred in dismissing the complaint.

The judgment and order should be reversed, and a new trial granted, costs to abide the event.

JENKS, P. J., and HIRSCHBERG and RICH, JJ., concur. CARR, J., dissents.