ELIZABETH S. HOGAN, Claimant, *v*. THE STATE OF NEW YORK, Defendant.

### Claim No. 17278.

Court of Claims, April, 1923.

**Claims against the state — highways — no recovery because of trivial defect in state highway.**

The state cannot be held responsible for trivial defects in state highways.

Those who drive their vehicles upon state highways must abstain from such degrees of speed as might turn any little harmless defect in the roadbed into a menace to their safety.

At a point in a state highway where it dips into a valley by a steep grade and at the foot thereof immediately rises by a like grade on the opposite side, a thin sheet or layer of sand and gravel had been washed out onto and over the brick which formed part of the highway. This deposit, smooth, without ruts and as

hard as cement, was very thin in its thickest place and extended out upon the highway gradually diminishing in thickness to nothing. Claimant testified that when her automobile hit this deposit it turned to the left, then to the right, then to the left again, then collided with another automobile and in spite of the collision tore on across the road and over an embankment at the bottom of the valley. It appeared that though claimant had run an automobile for several years she had run the one in question but very little, if any, before the day of the accident, having purchased it within a week of that time. *Held,* that the only conclusion to be drawn was that claimant came down the hill at such a high rate of speed that she lost control of her automobile and that this loss of control and not the thin, hard deposit of material on the brick roadway was the cause of the accident, and her claim for damages to person and property will be dismissed upon the merits, on the ground that the defect in the highway complained of was not only trivial but did not even contribute to the accident.

CLAIM for injuries to person and property.

*Judson, Holley & Andrews* (*George D. Judson,* of counsel), for claimant.

*John H. Clogston,* deputy attorney-general, for state.

ACKERSON, P. J. This is a claim brought against the state to recover damages because of injuries to the person and property of the claimant sustained by reason of alleged defects in a state highway.

The highway is known as the Gasport-McNalls Highway No. 5562 and was built by the state of New York. On the 16th day of June, 1922, the date of this accident, the said highway was maintained by the state under a system duly adopted by the commissioner of highways, pursuant to section 176 of the State Highway Law, as amended by chapter 371 of the Laws of 1922.

The defect in the highway which claimant alleges caused the accident in which she suffered the injuries complained of was a thin sheet or layer of sand and gravel that had been washed out onto and over the brick that at this point formed the metal part of the highway. This occurred at a point in this highway a short distance south of the village of Gasport where the roadway dips into a valley or gulf by a steep grade and at the foot thereof immediately rises by another steep grade on the opposite side thereof. In making said dip, said highway runs through earth cuts on each side of said valley and over an embankment at the bottom thereof. The roadway through said valley between the tops of the hills on each side is of brick construction with concrete curbs on each side of the brick. The brick part is sixteen feet wide and the concrete curbs on each side of the brick are six inches wide. On the outside of the curbs on each side is a strip of loose earth, sand and gravel. At the time of the accident in question

some of this earth, sand and gravel had been washed by water from rains running down this hill over the concrete curb onto the brick roadway. The rain water running down the side of the hill in this manner had washed over onto the brick pavement a week or more before the accident and had left a deposit there of this earth, sand and gravel. Such deposit extended for a considerable distance along the curb down to the bottom of the hill. The witnesses vary greatly in this estimate as to the length of this deposit along the road lengthwise with the road. Some say ten or fifteen feet and some one hundred and seventy-five feet. Nearly all agree, however, that this deposit or layer of earth, sand and gravel in some places extended to nearly the center of the highway, was about four inches thick at the curb and diminished in thickness to nothing as it extended towards the middle of the road; that it was hard as cement and smooth; that vehicles in passing over it left no ruts in it; that a vehicle in coming along the highway did not come in contact with any abrupt edge of this deposit four inches thick, but the edges of it were thin so that there was a gradual rise from the thin edge on the pavement to the part where it was thickest near the curb.

If there had been ruts in this deposit, or if it had been soft or if there had been an abrupt edge to it so that a vehicle striking it would have necessarily jumped, the court could have understood how this deposit of material on the brick roadway might have perhaps caused the accident in question.

But when we consider that this deposit was smooth, that there were no ruts in it, that it was hard as cement, that it was very thin in its thickest place and extended out on the highway diminishing in thickness gradually to nothing, we are at a loss to understand how it could be the means of deflecting an automobile from its course in the manner described by the claimant.

The claimant says that when her automobile hit this deposit it turned to the left, that she turned it back to the right and then it got away from her again, turned to the left, shot across the road and collided with Mr. Boyd's car. The impact of the collision, however, did not stop it, but it tore by the front of the Boyd car across the road over the embankment and on until it collided with a tree some fifty feet away.

The claimant had purchased this car within a week of the accident. She had run it but very little if any before the day of the accident. She had run a Ford car before, however, and had run an automobile for several years.

This accident cannot be accounted for upon claimant's theory. The alleged defect in the highway which she says caused the acci-

dent was practically as hard and smooth as the roadway itself and we cannot conceive how it would be possible for it to deflect claimant's automobile in the way she describes.

And when, in addition, we consider that after this automobile turned to the left and then to the right and then to the left again and then collided with another automobile and in spite of the collision tore on across the road and over the bank, we are of the opinion that only one conclusion can be drawn from the evidence and that is that the claimant came down the hill at such a high rate of speed that she lost control of her automobile, and that this losing control of the automobile by reason of excessive speed and not this thin, hard deposit of material on the brick pavement was the cause of the accident.

This thin, hard deposit on the surface of the brick roadway complained of was at most a very slight defect in the highway and one that it seems to us could not be dangerous to traffic in any event.

Users of the state highways must, themselves, use care in driving their vehicles and abstain from such degrees of speed as might turn any little harmless defect in the roadbed into a menace to their safety. It is impossible for the state with its great system of highways to promptly remedy every trivial defect in a highway. And defects such as the one under consideration which could not by any stretch of the imagination become dangerous to any person in any event except possibly one driving at a high and unreasonable rate of speed, it is not called upon to remedy.

This court has recently referred to the fact that the state cannot be held responsible for these trivial defects in state highways in its opinion in the case of *French* v. *State*, 120 Misc. Rep. ——.

We there quoted from an opinion by the Court of Appeals as follows: " Defects of a trivial character, irregularities and slight depressions of highways are caused and created by constant use and it cannot be said that municipalities which are charged with the care of highways are liable for defects of this nature or liable for a failure to remedy them. The law never intended to cast a burden of this extent upon municipalities in the care of its highways. *Butler* v. *Village of Oxford*, 186 N. Y. 444; *Hamilton* v. *City of Buffalo*, 173 id. 72; *Terry* v. *Village of Perry*, 199 id. 79; *Gastel* v. *City of New York*, 194 id. 15; *Flansburg* v. *Town of Elbridge*, 205 id. 423; *Hubbell* v. *City of Yonkers*, 104 id. 434; *Clapper* v. *Town of Waterford*, 131 id. 382; *Lane* v. *Town of Hancock*, 142 id. 510."

Those cases establish the law in this state. The defect here complained of was not only " trivial " but we are of the opinion

that it did not even contribute to the accident in question. It certainly could not have caused the accident and if it had not been for the claimant's contributory negligence in driving her car at a high rate of speed where the whole situation demanded that she proceed slowly with care and caution it could have in no way contributed to such an accident.

The claim of the claimant must, therefore, be dismissed upon the merits.

WEBB and MORSCHAUSER, JJ., concur.

Judgment accordingly.