ROSA GUNTZER, Appellant, *v.* ADOLPH SUESSKIND, INC., Respondent.

First Department, February 7, 1936.

*Edgar H. A. Chapman,* for the appellant.

*Clarence E. Mellen* of counsel [*John J. Kirwan,* attorney], for the respondent.

PER CURIAM. At the trial there was a dispute as to whether the depressions and worn condition of the steps at the section of the stairway where the accident occurred were of a dangerous character. The court, in the circumstances, improperly excluded proof of prior accidents at the same place under like conditions. Such evidence, under the facts of this case, was competent, not only upon the question of notice, but also to show that the alleged defective steps which caused the plaintiff's fall, tested by actual experience, had proven dangerous to an extent that an ordinarily prudent person, with knowledge thereof, would have repaired the condition. (*Glynne* v. *National Exhibition Co.,* 204 App. Div. 757; *Withers* v. *Brooklyn R. E. Exchange, Ltd.,* 106 id. 255; *Lundbeck* v. *City of Brooklyn,* 26 id. 595; *Auld* v. *Manhattan Life Ins. Co.,* 34 id. 491;

affd., 165 N. Y. 610.   Cf. also *Terry* v. *Village of Perry*, 199 N. Y. 79, 87; *Gastel* v. *City of New York*, 194 id. 15, 18.)   We are of the opinion that the court's ruling constituted prejudicial error.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — MARTIN, P. J., O'MALLEY, UNTERMYER, DORE and COHN, JJ.; MARTIN, P. J., and DORE, J., dissent and vote for affirmance.

MARTIN, P. J. (dissenting).   It is evident from the testimony and the photographs that the alleged defect in the stairway was not dangerous or even substantial.   The evidence of prior accidents was properly rejected for the reason that no foundation was laid for its admission.

I vote to affirm.

DORE, J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.