## 25644. EMORY *v.* CITY OF ROME.

DECIDED NOVEMBER 6, 1936.

*Maddox & Griffin,* for plaintiff.   *W. B. Mebane,* for defendant.

BROYLES, C. J.   W. E. Emory filed a suit for damages against the City of Rome, and alleged that he had sustained personal injuries inflicted when he stumbled and fell over a piece of cement, "approximately five by ten inches," which was just *off* the cement sidewalk on Sixth Avenue and Broad Street, "and in the *edge of a parkway* on said sidewalk and street." (Italics ours.) The petition further alleged that the piece of cement was sticking up about three inches above the sidewalk, and "had been at said place for such a period of time that the same had become embedded in the earth, and that grass had grown up about it, being there for a period of approximately 90 days," and "for such a period of time that said city knew, or by the exercise of ordinary care on the part of its officers and employees should have known, of its existence." The petition set forth in detail the alleged injuries sustained by the plaintiff, and alleged that the required claim had been duly filed with the city, and that the city was negligent in the following particulars: "(a) That it failed to keep its said street in a reasonably safe condition for travel. (b) It permitted said obstruction to remain in said sidewalk. (c) That it did not erect guardrails or other obstruction or warning of the existence of said obstruction, so as to prevent him from tripping over the same and being hurt. (d) It failed to remove said obstruction from its sidewalk after it knew, or by the exercise of ordinary care on the part of its officers and citizens should have known, of the existence thereof." The court dismissed the action on general demurrer, and the plaintiff excepted.

We think that the case is controlled, in principle, by the decision in *City of Brunswick* v. *Glogauer,* 158 *Ga.* 792 (124 S. E. 787). In that case Justice Atkinson, speaking for the court, said, in part: "It is stated in 8 McQuillin on Municipal Corporations (Supp.), 8402, § 2785: 'Slight or minor defects in sidewalks resulting in injury, generally speaking, do not establish municipal

negligence.' . . In Terry *v.* Village of Perry, 199 N. Y. 79 (92 N. E. 91, 35 L. R. A. (N. S.) 666, 20 Ann. Cas. 796), it was held that 'A municipal corporation is not liable for injury to a pedestrian, caused by his falling on a sidewalk because of a depression due to the setting of one edge of a concrete square in the walk 1½ inches below the level of the adjoining square, although one or two persons had tripped on the unevenness before, and one of the trustees of the municipality had slightly turned his ankle at the spot, and reported the fact to the board of trustees.' . . In . . Butler *v.* Oxford, 186 N. Y. 444 (79 N. E. 712), . . the facts were that 'the surfaces of a stone and an adjoining dirt sidewalk were not flush at their junction, the surface of the former rising above that of the latter by a distance of about 2½ inches in the center of the walk, and about 5 inches on the outer edge thereof. The plaintiff, in passing over the dirt walk upon the stone walk in the nighttime, stumbled against the projecting edge of the stone, fell and met with the injury for which the action was brought.' It was held that the defect was too insignificant for its existence to be the foundation of a liability upon the part of the city for an injury resulting to a pedestrian who received a fall on account of the defect. In City of Richmond *v.* Schonberger, 111 Va. 168 (68 S. E. 284, 29 L. R. A. (N. S.) 180), it was held: 'A municipal corporation is not liable for injury to a pedestrian who, in attempting to cross a street, stumbles and falls because of a piece of stone projecting 2 inches above the level of the crosswalk, where the walk is constructed of two level strips of paving stone, with the intervening space filled with loose stones, and covered with dirt.' " Justice Atkinson, in his able and exhaustive opinion, quoted approvingly many other decisions to the same effect. It is true that in the case just cited (where the plaintiff was injured by tripping over a tile projecting about two inches above the surface of the *sidewalk*), the court, under all the facts, held that it was a question for the jury to decide whether the city was negligent in allowing the *sidewalk* to remain in such condition. However, the facts of the instant case make a much stronger defense for the City of Rome. Here the defect which caused the plaintiff's injury was not only a slight one, but a defect, not on a sidewalk, but on a *grass parkway* adjacent to a sidewalk, and presumably where the public were not expected to walk. Under these

circumstances, should the city, in the exercise of reasonable diligence, have anticipated or foreseen that some person might leave the safe and paved sidewalk and walk upon the grass parkway and be injured by stumbling over the slight defect thereon? We do not think that such a burden should be put upon the city. "Where an injury is alleged to have been occasioned by a defect in a street, the inquiry should be, not was there some defect in the street? but was the street, in the condition in which it is proven to have been, in a reasonably safe condition for travel in the ordinary mode at the time the accident happened? and was the accident the natural and probable result of the use of the street in that condition,—one that could have been foreseen by those charged with the duty of maintaining the street? And, where an injury results from an alleged defect which is not of itself of such dimensions or character as to make an accident probable, it does not justify the submission to the jury of the question of the city's negligence." Keen v. Mitchell, 37 S. D. 247 (157 N. W. 1049, L. R. A. 1916F, 704), cited approvingly in the *City of Brunswick* case, supra. In our opinion the petition failed to set out a cause of action, and was properly dismissed on demurrer.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*