(51 App. Div. 14.)

### TUBESING v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. April 24, 1900.)

MUNICIPAL CORPORATION—OBSTRUCTION OF SIDEWALKS—TRAPDOORS—INJURIES.
    Three feet ten inches of a twelve-foot sidewalk in a city, adjacent to a business building, consisted of an iron and glass skylight grating, at the termination of which were two trapdoors, giving access to the cellar of the building. The doors lapped when closed, the edge of the uppermost constituting a projection about three-quarters of an inch above their surface, and the doors were an inch and a half above the level of the walk. The balance of the walk, to the curb, was perfectly smooth and unobstructed. Plaintiff, passing along the walk, turned suddenly, and struck her foot against the edge of the uppermost door, causing her to fall, and fracturing her knee cap. *Held*, in an action against the city, that it was error to submit the question of the city's negligence to the jury, since the obstruction resulted from such a use of the city's streets as it might properly authorize, and the city was not required to remedy every slight inequality in its walks, not likely to cause injury.

Appeal from trial term, Erie county.

Action for injuries by Sarah Tubesing against the city of Buffalo. From a judgment for plaintiff, and from an order denying a new trial on the minutes, defendant appeals. Reversed.

On the 2d day of December, 1897, the plaintiff had occasion to go into the store of one John Hamilton, situate upon the north side of Eagle street, in the city of Buffalo. After making some purchases, she left the store, and proceeded a short distance upon the sidewalk, when, remembering that she had left a parcel, she turned suddenly, with the intention of returning to the store to obtain the same; and as she did so stubbed her foot against the center of a trapdoor located near the westerly side of the building, and fell to the sidewalk, with such violence as to fracture the cap of her left knee. The sidewalk in front of the Hamilton store is 12 feet in width, and consists of large flagstones. Extending across the entire front of the building, and immediately adjoining the same, is a skylight grating, 3 feet 6½ inches in width,

which is made of glass and iron. This grating is set in an iron frame 3½ inches wide, and both grating and frame are nearly level with the surface of the walk. At each end of the grating are trapdoors, which can be opened to permit the transfer of goods to and from the cellar of the Hamilton Building. These doors are 3 feet 3 inches in length, and 4 feet 8½ inches in width. The edge of one of the doors is raised in such a manner as to lap over the other when both are closed; thus covering the joint, and forming what is known as an "architrave." The top of this architrave is about three-quarters of an inch higher than the surface of the doors, which are an inch and a quarter above the surface of the sidewalk, and the hinges by which the doors are attached to the frame project to nearly the same height as the architrave. A handle is inserted in the south end of one of the doors, and this handle is 2¼ inches higher than the walk. Outside of the iron grating the flag walk has a width of 8 feet and 8 inches, and is perfectly smooth; but at the time the plaintiff received her injury she was upon or near the grating, and struck her foot against the architrave. The situation as above described had existed for a period of at least five years prior to the time the plaintiff received the injuries complained of, and it does not appear that any other similar accident had ever occurred there.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Henry W. Killeen, for appellant.
Charles L. Feldman, for respondent.

ADAMS, P. J. Upon the foregoing state of facts, as to which there is no controversy whatever, we think it was error to submit the question of defendant's negligence to the jury. In reaching this conclusion, we are by no means unmindful of the rule which requires municipal corporations to exercise a reasonable degree of care to keep their walks and streets unobstructed, and in such condition that travelers may pass over them without incurring the risk of personal injury; but this rule does not absolutely inhibit such a corporation from permitting certain portions of its walks and streets to be devoted to such purposes as are necessary and useful to the occupants of abutting premises, provided an ample and unobstructed passageway is left for the purposes of the public. Dougherty v. Village of Horseheads, 159 N. Y. 154, 53 N. E. 799. Thus, hydrants, hitching posts, shade trees, grass plots, guarded and protected by curbing and stones, have each been held to serve a useful public purpose, consistent with the object for which streets are primarily designed, although in a certain sense and to a limited extent they may obstruct the full and free passage of a street. Ring v. City of Cohoes, 77 N. Y. 83; Dubois v. City of Kingston, 102 N. Y. 219, 6 N. E. 273; Hubbell v. City of Yonkers, 104 N. Y. 434, 10 N. E. 858; Hunt v. Mayor, 109 N. Y. 134, 16 N. E. 320. Furthermore, the owner of a building abutting upon a street may temporarily use and obstruct the sidewalk in front of his premises to any reasonable extent, for such purposes as are incidental to the business in which he is engaged; and it is perfectly competent for a municipality to authorize a limited portion of the sidewalks in front of stores and buildings occupied for business purposes to be permanently devoted to such contrivances as doors, grates, and other like openings to cellars and underground vaults, where the same are convenient and beneficial to the enjoyment of the adjacent premises. Jorgensen v.

Squires, 144 N. Y. 280, 39 N. E. 373. This privilege is one which by universal custom has been accorded to persons engaged in commercial pursuits in populous cities, where the surroundings are such as to render the same an absolute necessity. Indeed, it is doubtful if the commerce of such a city as Buffalo could be conveniently or profitably conducted unless such infringements upon the technical rights of pedestrians were, to a reasonable extent, permitted. In the present instance it seems that the doors which occasioned the plaintiff's injury were a useful and convenient adjunct to the premises in front of which they were located. They served the double purpose of a skylight and a means of access to the cellar or vault beneath the walk, and, inasmuch as they had been in use for nearly or quite six years, it may be assumed that they were constructed and maintained pursuant to proper municipal permission. Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424; Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132, 14 L. R. A. 398; Jorgensen v. Squires, supra. This being the case, we fail to see wherein any liability attaches to the defendant by reason of the accident which befell the plaintiff. But, over and beyond the reasons already assigned, we think it cannot with any propriety be held that the obstruction complained of was of such a character as to impose liability upon the defendant for its failure to remove the same. A municipality does not insure the absolute safety of its streets and walks. On the contrary, the obligation which rests upon it is fulfilled when it exercises a reasonable degree of care to keep the same free and unobstructed. Moreover, it is not bound to take notice of and remedy every slight elevation and depression or inequality in its sidewalks; nor is it chargeable with negligence when an accident, which according to common experience was not likely to happen, does occur by reason of some such defect. Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401; McCarty v. City of Lockport, 13 App. Div. 494, 43 N. Y. Supp. 693. The doors in question were elevated, at the most, but two inches above the surface of the walk. They were placed in close proximity to the front of the building. Between their outer edges and the curb there was a perfectly smooth and unobstructed passageway of nearly nine feet. And this condition of things had existed for upwards of five years, during which time, presumably, thousands of people had walked over, whatever obstruction they created, without the slightest inconvenience. In short, the doors and their appliances were just such impedimenta as are common to the business quarters of every large city; and to hold that, under circumstances such as this case discloses, their presence in the walk constituted actionable negligence upon the part of the municipality, would require an extension of the doctrines contended for beyond the point to which this court is prepared to go. It follows that the judgment and order appealed from should be reversed.

　　Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.