## CITY OF SUPERIOR v. OLT.

(Circuit Court of Appeals, Seventh Circuit. November 29, 1916.)

No. 2388.

1. MUNICIPAL CORPORATIONS ☞764(1)—STREETS—INJURIES TO PERSONS UPON —DUTY OF MUNICIPALITY—"SUFFICIENT STREET."

Under St. Wis. 1915, § 1339, declaring that if any damage shall happen to any person by reason of insufficiency or want of repair of any road in any town, city, or village, the person damaged shall have a right of action against the town, city, or village, a sufficient street is a relative term; the same care not being required with respect to the carriageway that is required of the sidewalks, though where the sidewalk is blocked, so that pedestrians will be forced to use the carriageway, the city must anticipate that and govern itself accordingly.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1616, 1619, 1620; Dec. Dig. ☞764(1).]

2. MUNICIPAL CORPORATIONS ☞821(8)—STREETS—JURY QUESTION.

In an action by a pedestrian, injured in a fall caused by a brick in the street, which she used because the sidewalk was obstructed with building material, the question whether the city was liable under St. Wis. 1915, § 1339, held for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1748; Dec. Dig. ☞821(8).]

3. MUNICIPAL CORPORATIONS ☞821(26)—STREETS—USE OF—RIGHT OF PEDESTRIANS.

A pedestrian is entitled to use any part of a street for public travel, including the carriageway, though bound to proceed cautiously if knowing of obstructions, and so is not guilty of contributory negligence as a matter of law in using the carriageway of a street when the sidewalk is obstructed.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. ☞821(26).]

4. MUNICIPAL CORPORATIONS ☞821(26)—INJURIES TO PERSONS IN STREET— JURY QUESTION.

Whether a pedestrian, who used the carriageway on finding the sidewalk obstructed, used ordinary care under the circumstances, held a question for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. ☞821(26).]

In Error to the District Court of the United States for the Western District of Wisconsin.

Action by Katherine Olt against the City of Superior. There was a judgment for plaintiff, and defendant brings error. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action for damages. Verdict and judgment for plaintiff. While walking on Fourteenth street in the city of Superior on the evening of November 16, 1914, plaintiff stepped upon or stumbled over some bricks, or pieces of broken brick, and fell, breaking her ankle, for which she brought this action. Neither the plaintiff nor her witnesses testified just how the accident occurred. It was about 7:30 p. m., and only the plaintiff describes the occurrence. She says that she was walking carefully along the street, "and my foot hit a brick, and I fell. * * * When I fell, I hurt my knee, * * * and when I reached down to get up, I felt the bricks there, and then I knew it must have been a brick. * * * I imagine it must have been a light brick, because the scar on the shoe was kind of light like brick, and when I went to get up I cut my hand on some of the bricks there; that is, half bricks." At the time of the injury she was near the center of the street, her departure from the usual course being occasioned by the presence of a large amount of building material, unloaded on the south side of the street and adjacent to the abutting building, the material having been placed there by the owner by permission from the city.

Fourteenth street runs east and west; the roadway was, at the time of the injury, brick paved for a width of 40 feet and on either side there was a tree bank and then a 6-foot cement sidewalk. Travel on the south sidewalk was blocked by the presence of the building material. Plaintiff stated that she did not go to the north sidewalk, because it was icy, a condition disputed by the defendant. A city ordinance granting a lot owner the privilege of using part of the street for temporary deposit of building material required the user to build a 2-foot plank walk around the same. This sidewalk was never constructed, as the street was newly paved with brick, and when unobstructed appellant claims was fairly comparable in safety to the cement sidewalk or to any temporary plank walk required by the ordinance.

Plaintiff stated that she had frequently, during the preceding weeks, taken the course followed that evening and had always found some stray bricks in the street. In fact, she said there was a path that pedestrians used, and which she was following that evening, which was free from and partially lined on either side with brick. This was disputed by the defendant, whose witnesses stated that a few loose brick fell daily from the wagons, but each night they were removed from the street. There had been no hauling for at least two days prior to the date of the accident.

The city, having appropriately raised the questions, contends that the court erred in refusing to hold the plaintiff guilty of contributory negligence as a matter of law, and also erred in holding the evidence sufficient to support a verdict of negligence.

T. L. McIntosh, of Superior, Wis., for plaintiff in error.
John A. Cadigan, of Superior, Wis., for defendant in error.

Before MACK, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above). Viewing the facts most favorably to the plaintiff, the question for determination on the issue of negligence is whether the presence of bricks or pieces of bricks, under the then existing circumstances, in a street otherwise sufficient for travel, presents a jury question.

[1] The liability of a city for damages occurring through defects in the streets is in Wisconsin fixed by statute. Section 1339 of the Revised Statutes of Wisconsin reads as follows:

"If any damage shall happen to any person, his team, carriage or other property, by reason of insufficiency or want of repair of any * * * road in any town, city, or village, the person sustaining such damage shall have a right to sue for and recover the same against any such town, city or village."

See Kawiecka v. City of Superior, 136 Wis. 613, 118 N. W. 192, 21 L. R. A. 1020; Morrison v. Eau Claire, 115 Wis. 538, 92 N. W. 280, 95 Am. St. Rep. 955; Kleiner v. Madison, 104 Wis. 338, 80 N. W. 453.

"A sufficient street" is at best a relative term. The same care is not required of a city in reference to its carriage way as to its sidewalks. The city is required to keep its streets in a reasonable state of repair, but it meets the duty imposed upon it by the statute when it maintains the respective portions of the street in a reasonably safe condition in the light of the purpose for which such portions are intended.

The fact that a part of the sidewalk and tree bank as so blocked as to make it necessary for pedestrians to take the carriage way is urged as a reason why the question of negligence should be left to the jury in the present case. Having by its action blocked travel on one sidewalk and a portion of the carriageway the city must anticipate that pedestrians would use the carriageway, and govern itself accordingly.

[2] The evidence tends to show the presence of several brick and pieces of brick where the plaintiff fell. The failure of the city to require the contractor to construct the two-foot board walk made it impossible for the plaintiff to pursue any well-defined course. The failure to fence off the pile of material required her to keep towards the center of the street. The accident occurred on Monday, and if, as was testified to, no brick had been hauled for several days next preceding the accident, the jury may have concluded that the brick had so lain in the street all that time. Viewing all these facts as we are required to do, on this review of the court's denial of a motion to direct a verdict for the defendant, we are unable as a matter of law to say that the street was sufficient. Whether the presence of brick in the numbers and condition and for the time shown by the testimony was a defect presented a jury question.

[3] Defendant's contention that the plaintiff was guilty of contributory negligence as a matter of law is untenable. Plaintiff was within her right when she took the carriageway. The street and all of it was for public travel. Of course, knowing that stray bricks were on the carriageway, she was required to proceed cautiously.

[4] Whether she exercised such care as the ordinarily careful person under like or similar circumstances would have exercised was also a question for the jury to determine. Dralle v. Reedsburg, 130 Wis. 347, 110 N. W. 210; Kelley v. Fond du Lac, 31 Wis. 179; Gerrard v. La Crosse C. R. Co., 113 Wis. 258, 89 N. W. 125, 57 L. R. A. 465; Nelson v. Shaw, 102 Wis. 274, 78 N. W. 417.

We find no error in the record, and the judgment is affirmed.