## HARVEY v. OLD DOMINION S. S. CO.

(Circuit Court of Appeals, Second Circuit. April 7, 1924.)

No. 318.

1. Wharves ⊂⊃21—Duty of owner of pier to exercise reasonable care to keep it in repair.

It is duty of owner or person in possession and control of a pier to exercise reasonable care to keep it in safe repair for use by persons lawfully using it.

2. Wharves ⊂⊃21—Implied license to men engaged in unloading vessels to use pier.

One of the chief purposes of a pier is for unloading vessels, and there is an implied license to men engaged in unloading vessels to enter and occupy the piers built into and lying adjacent to the waters in which the vessel is moored.

3. Wharves ⊂⊃21—What is reasonable care in keeping the floor of a pier in repair depends largely on the purposes for which the pier is used.

What is reasonable care in keeping in good repair the floor of a pier depends largely upon the uses to which the pier is put.

4. Wharves ⊂⊃21—Question of negligence in failing to keep pier in safe condition held for jury.

Evidence that there was a hole in the floor of a pier used for unloading vessels, which had existed for three months and was known to defendant, which was in possession and control of the pier, and into which the wheel of a truck used in unloading merchandise and being moved by plaintiff and others fell in the semidarkness, causing the load to fall on and injure plaintiff, held sufficient to require submission of the question of defendant's negligence to the jury.

In Error to the District Court of the United States for the Eastern District of New York.

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action at law by John C. Harvey against the Old Dominion Steamship Company. Judgment for defendant, and plaintiff brings error. Reversed.

Harry S. Austin, of New York City (George F. Hickey, of New York City, of counsel), for plaintiff in error.

Root, Clark, Buckner & Howland, of New York City (Emory Buckner, Mortimer Boyle, and Edward D. Boyd, all of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH and MANTON, Circuit Judges.

MANTON, Circuit Judge. The plaintiff in error was a longshoreman employed by the Overseas Shipping Company at Pier 26, North River, which was in the possession and control of the defendant in error. On the 19th of September, 1922, he was engaged in moving certain boxes of canned goods on a wheel truck 3 feet wide and about 5 feet long. While proceeding from the south to the north side of the pier, pulling a truck by its handle and being assisted by two other longshoremen, who were pushing, one of the front wheels went into a hole in the floor of the pier and caused the boxes to fall off, one upon his leg, resulting in serious and permanent injury. The floor of the pier was made up of wooden planks. We must accept, for the purpose of this appeal, the most favorable evidence introduced by the plaintiff in error, which indicated that the hole was 8 inches wide, 4 inches deep, and about a foot long. At the time the pier was in semidarkness, for the doors were closed and the skylight was said to be covered with dust and corroded. The plaintiff in error testified that he had not seen the hole into which the wheel went prior to the accident, but there was evidence that it existed for three months previous to the accident. The foreman of the repair gang had been notified and told to repair it. The hole was described as extending over two planks and was "raggedy and chafed." Apparently it was the result of constant wear and had been in the making for some time past.

[1, 2] The District Court directed a verdict for the defendant in error for the reason that it held that the defendant in error owed no duty to the plaintiff in error, and was therefore not liable. It is not denied that the defendant in error was in possession and control of the pier at the time, and had consented to its use by longshoremen working thereon unloading vessels that moored there. The plaintiff in error was engaged in unloading a cargo from one of these ships. He was rightfully using the pier provided for seamen, longshoremen, and others invited to the pier. While this pier was open and used for such purposes, there was a duty imposed on the defendant in error of exercising reasonable care to keep it in repair for lawful use by persons lawfully there. It is true it was private property, but as such it was used for public objects. There is an implied license to men engaged in unloading vessels which are moored to enter and occupy the piers built into and lying adjacent to the waters of the moored vessel. A general license is given to all persons to use it for lawful and accustomed purposes. One of its chief purposes is for unloading vessels.

Cliffe v. Pacific Mail S. C. Co. (C. C.) 81 Fed. 809; M. & J. Tracy v. Marks, Lissberger & Son (C. C. A.) 283 Fed. 100; Stevens v. Maritime Warehouse Co. (C. C. A.) 263 Fed. 68; Quinn v. Staten Island R. T. Co., 224 N. Y. 493, 121 N. E. 340; Swords v. Edgar, 59 N. Y. 28, 17 Am. Rep. 295.

The defendant in error, in its brief and on the argument, conceded that the case was disposed of below on a wrong principle of law, but now argues that as a matter of law the defendant in error is exonerated from the charge of negligence for failure to repair the defect in the floor. It principally relies upon the authority of Horan v. Hastorf, 223 N. Y. 490, 120 N. E. 58. There the defendant had a permit from the city of New York to use a dump at the foot of a street, together with the wharf and ramp thereto. The terms of the permit required the defendant to keep them both in repair. It was allowed to become out of repair and in a dangerous condition, and the plaintiff's intestate, while driving a loaded truck upon the ramp, was thrown from his truck, because one of the wheels passed into a hole and jolted him off. The permit was offered in evidence, and it recited the duty of the defendant to keep the ramp in repair. The evidence showed the hole was 2 feet long, 12 inches wide, and 3 inches deep, which was caused by the top planking becoming worn down to the sheathing. The court held the plaintiff was not entitled to recover, pointing out that there was nothing in the permit to use and occupy the public wharf property, together with the right to use the ramp or approach thereto, which required the defendant to keep the superstructure of said wharf in good condition—i. e., the superstructure of the dump—and said:

"Nothing contained in the agreement imposed upon the defendant the duty of keeping the ramp in repair. Thus plaintiff interjected into the trial a discrepancy between the allegations of her complaint and her proof, which would tend to defeat her entire cause of action, were it not for the admission of the answer, for the complaint charges defendant with no duty to keep the ramp in repair except 'under said license or permit.' But for the purposes of the action, the allegations of the complaint admitted by the answer must be taken as true. Plaintiff did not waive the admission by going, unnecessarily and unwisely, into the proofs. Such admissions are conclusive, and evidence inconsistent therewith must be disregarded."

The court pointed out that the defendant did not use it exclusively, but the city used it as much as he did, and said:

"Defendant, having agreed with the city to assume its duty to keep the ramp in repair, was bound to exercise the same degree of care that would be required of the city."

It pointed out that the accident happened at 10 o'clock in the morning, and that the condition of the planking on the ramp presented no greater danger than the ordinary rough pavement or the crossing of the railroad track, but said, quoting from Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401:

When "the defect is so slight that no careful or prudent man would reasonably anticipate any danger from its existence, but still an accident happens which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibilty is one of law."

[3] What is reasonable care in keeping in good repair a floor of a pier depends largely upon the uses to which the pier is put. The danger of accident and injury from the wheel of the hand truck dropping into a hole of the character the evidence points out in this record is much greater than that which might be expected to happen from the wheel of a horse-drawn or motor truck. In Quinn v. Staten Island R. T. Co., 224 N. Y. 493, 121 N. E. 340, the plaintiff sued for damages, and was injured by falling into an opening while leaving the pier at night. He was a barge captain, and had moored his barge at the pier. After holding that he was impliedly invited to use the structure for lawful and accustomed purposes, the court imposed the duty on the defendant of keeping the pier in reasonably safe condition for this purpose, and held that reasonable prudence and care, measured by the circumstances of which the defendant was aware, would there be the test. The theory of nonliability in actions against municipalities for depressions or holes in the street is stated in Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401, by O'Brien, J., as follows:

"Of course a city cannot be required to keep streets in such condition as to insure the safety of travelers under all circumstances. The measure of its duty in this respect is reasonable care, and it is liable only for neglect to perform this duty. There are very few, if any, streets or highways that are or can be kept so absolutely safe and perfect as to preclude the possibility of accidents, and whether in any case the municipality has done its duty must be determined by the situation, and what men knew about it before and not after an accident. When the defect is of such a character that reasonable and prudent men may reasonably differ as to whether an accident could or should have been reasonably anticipated from its existence or not, then the case is generally one for the jury."

The law imposes upon municipal corporations the duty of guarding against such dangers as can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care, and because of the large mileage of city streets requiring care a slight defect, in which danger was not reasonably to be anticipated, and which, according to common experience, is not likely to happen, will not constitute a charge of negligence. City of Superior v. Olt, 239 Fed. 100, 152 C. C. A. 150; Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944; Butler v. Village of Oxford, 186 N. Y. 444, 79 N. E. 712; Lalor v. City of New York, 208 N. Y. 431, 102 N. E. 558, Ann. Cas. 1916E, 572.

[4] Each case must stand on its own peculiar facts and the application of the well-known rules of law applied to the facts. We regard the evidence offered by the plaintiff in error as to the condition of the hole, the length of time it existed, and the use to which the floor was placed, as sufficient to raise a question of fact for the jury's determination as to whether or not the defendant in error fulfilled its duty of exercising reasonable care to keep the floor in reasonably safe repair for the uses made of this pier in unloading vessels.

Judgment reversed.