SADIE SMITH, Plaintiff, *v.* M. BROWN REALTY CORPORATION, Defendant.

City Court of New York, Bronx County, June 29, 1929.

*Julius H. Rosansky* [*Joseph C. Thomson* of counsel], for the plaintiff.

*Jenkins, Dimmick & Finnegan* [*Murray G. Jenkins* of counsel], for the defendant.

EVANS, J. Plaintiff stumbled on a lock, which was used to fasten two iron doors, lying flush with the sidewalk. These doors were the usual ones observed in the city of New York, adjacent to the building line, and leading into the cellar of the building. Negligence is charged against the owner of the building, because the lock is said to be a dangerous obstruction to the public highway. It was a large lock, about an inch thick and between three and four inches long and wide. As it lay on the iron doors, it necessarily projected an inch above them and the sidewalk. There was slush or snow on the ground, which is said to have covered the iron doors and lock, so that the question of contributory negligence is of no importance. Was it a negligent act on the part of the defendant to allow the lock to project an inch above the ground? The only alternative would be to conceal it in some way under ground, and that, says the plaintiff, must be done to avoid danger to the public.

The lock to the cellar door was only such an impediment on the sidewalk as is common to nearly every one of the older and many of the newer buildings in the city of New York. There can be no negligence, therefore, in its maintenance and use. (*Tubesing* v. *City of Buffalo*, 51 App. Div. 14; *Dubois* v. *City of Kingston*, 102 N. Y. 219.) The accident cannot be said to have its origin in a negligent act, because it was not one which common experience would suggest as likely to happen. (*Horan* v. *Hastorf*, 223 N. Y. 490.) Ordinary depressions and projections on the public highway are to be expected, and are quite usual. They may not be made the basis of a verdict for negligence, at least, in suits against municipalities. (*Terry* v. *Village of Perry*, 199 N. Y. 79; *Butler* v. *Village of Oxford*, 186 id. 444.) There can be no different rule, as to what constitutes negligence, when a landlord happens to be a defendant. Motion to set aside the verdict and to dismiss the complaint granted. Ten days' stay; thirty days to make a case.