## RADOSLOVICH v. NAVIGAZIONE LIBERA TRIESTINA, S. A.

### No. 473.

Circuit Court of Appeals, Second Circuit.
July 16, 1934.

Loomis, Williams & Donahue, of New York City (Homer L. Loomis and Thomas F. Peterson, Jr., both of New York City, of counsel), for appellant.

Harry S. Austin, of New York City (Henry Fabricant, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

### PER CURIAM.

This is an action to recover for personal injuries suffered by the plaintiff in falling between the side of the steamer Carnia, belonging to the defendant, and a wharf in Brooklyn to which the ship was moored. The Carnia arrived at the wharf on March 14th, and shortly thereafter the stevedores who were to discharge her brought alongside, but offshore, the barge Malden, of which the plaintiff was bargee, and which was to receive a cargo of bagged bark. The plaintiff made fast his barge where the stevedores had placed it, and they began to discharge the ship; a checker, who had boarded the barge, and the bargee tallied the bags as they came aboard. The work went on until 5 in the afternoon, when the stevedores knocked off, considerable cargo being still undischarged. They and the checker boarded the ship by means of a rope ladder, crossed her deck, and went down to the wharf by means of a companionway, from a platform at the end of which a gangway ran to the stringpiece. The plaintiff soon followed them, and by his own testimony was going ashore, not only for his own purposes, but to sign a receipt for the cargo at the office of the delivery clerk. As he stepped upon the gangplank, he fell into the water; his story was that the shore end of the plank, not being made fast, slipped off and let him down. For these injuries he sued.

We do not find it necessary to discuss any of the points raised except whether the plaintiff was in law an invited person. The judge told the jury that he was, that the defendant owed him a positive duty of reasonable care for his safety, and that, if they found that the gangplank was negligently maintained, he might recover. Although there is possibly some question as to the finality of his instruction we accept the defendant's interpretation, and shall treat what he said as a peremptory direction. It was correct. An invited person is one who enters the premises of another not only for his own purposes but in the interest of the owner, who must be aware that the mutual interest of both may lead to such an entry. N. Y. Lubricating Oil Co. v. Pusey, 211 F. 622, 625 (C. C. A. 2); Middleton v. P. Sandford Ross, 213 F. 6, 10 (C. C. A. 5); Heskell v. Auburn L., H. & P. Co., 209 N. Y. 86, 91, 102 N. E. 540, L. R. A. 1915B, 1127; Restatement, Torts, § 202, Comment b. Therefore the question here is whether the bargee crossed the ship in the interest of the defendant. At first blush the opposite seems demonstrably true, for we are assuming arguendo that he was going ashore to enjoy his leisure. The situation was not, however, so simple as that; the barge had been brought alongside for the ship's purposes, to discharge her, and it could not be moved by the bargee alone; it is absurd to suggest that he should have tried. Being alongside in the defendant's interest and justified in making no effort to move, it was a reasonable incident of that situation that he might go ashore at least on some occasions, for example, to get food. The limit of those occasions obviously cannot be defined a priori, but in general they include such as the defendant should in reason have apprehended; among them seeking recreation after hours, quite aside from any errand to the delivery clerk.

A bargee, so marooned, will in the natural course of things not stay aboard when work is done; a passage over the ship is as much an incident of his service on the barge as the work itself; he is not obliged to waste his leisure in solitude. The nearest case we have found is Quinn v. Staten Island Rapid Transit R. Co., 224 N. Y. 493, 121 N. E. 340, where a bargee used the defendant's dock to go to church when his barge had been laid alongside to take coal. A similar case is Bailey v. Texas Co. (C. C. A. 2) 47 F.(2d) 153, where a seaman left the ship for pleasure and crossed a wharf. In Anderson v. Scully (D. C.) 31 F. 161, the defendant was the owner of another canal boat and had no business with the plaintiff. In The Germania, 9 Ben. 356, Fed. Cas. No. 5,360, the libelant had come aboard upon his own employer's interest alone; so far as appeared, the ship could have carried the grain quite as well unbagged as bagged. The bagging was not done for the ship but for the shipper. The plaintiff at bar as matter of law was an invited person.

Judgment affirmed.